UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JODIE LOUIS BYERS                                CIVIL ACTION NO. 21-cv-2854

VERSUS                                                   JUDGE DONALD E. WALTER

CITY OF GARLAND ET AL                      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Jodie Louis Byers ("Plaintiff"), who is self-represented, filed this civil action against the City of Garland, Garland Police Department, Dallas County magistrates, Dallas County Sheriff, Dallas County, and the State of Texas. Plaintiff lists an address in Minden, Louisiana but also claims to be a citizen of Colorado. Plaintiff complains of being "kidnapped and detained without due process" by officers of the Garland Police Department, who allegedly fabricated a warrant and destroyed Plaintiff's property. The only connection between Louisiana and the events alleged in the complaint is that Plaintiff lists a Minden address. For the reasons that follow, venue of this action will be transferred to the Northern District of Texas, which encompasses Dallas County.

Venue in a civil action is governed by 28 U.S.C. § 1391. It provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

It appears that venue is proper in the Northern District of Texas on the grounds that all of the defendants reside in Texas. Venue is also proper in the Northern District of Texas because all of the claims in this lawsuit arise out of events that occurred in that district. There is no basis to find that the Western District of Louisiana is a proper venue. The mere fact that Plaintiff resides in this Louisiana district is not sufficient to constitute a substantial part of the facts giving rise to the claims.[1]

If a civil action is filed in an improper venue, the district court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought. 28 U.S.C. §1406(a). The court may take such action sua sponte. Caldwell v. Palmetto State Sav. Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987); Crawford v. Offshore Pipelines International, Ltd., 1998 WL 195989 (E. D. La. 1998). Even if a civil action is filed in a permissible venue, the district court may transfer the action, for the convenience of parties and witnesses, in the interests of justice, to any other district where it might have been brought. 28 U.S.C. § 1404(a). Such transfers

---

[1] Furthermore, this court would almost certainly lack personal jurisdiction over Dallas County and the other Texas defendants Plaintiff has named in the complaint. The mere fortuity that Plaintiff happened to live in Louisiana is not enough to establish that any of the defendants purposefully directed activities toward Louisiana sufficient to establish minimum contacts with this state that would allow this court to exercise personal jurisdiction. Patterson v. Dietze, Inc., 764 F.2d 1145, 1147–48 (5th Cir.1985). The plaintiff cannot be the only link between the Texas defendants and Louisiana. Rather, a defendant's conduct must form the necessary connection with Louisiana that is the basis for a Louisiana court to exercise personal jurisdiction over the Texans. Walden v. Fiore, 134 S.Ct. 1115, 1122-1123 (2014). There is no allegation of any such conduct directed at Louisiana by any defendant.

may be made sua sponte. Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989); Isbell v. D M Records, Inc., 2004 WL 1243153 (N. D. Tex. 2004).

A transfer to the Northern District of Texas is appropriate in this case. That Texas federal court is a proper venue for this case, this Louisiana court is not a proper venue, and it would be a great convenience to the parties and witnesses if the case were litigated in a Texas court located where all of the defendants reside, located where the events at issue occurred, and that has the greater likelihood of being able to exercise personal jurisdiction over all relevant parties. Accordingly, the Clerk of Court is directed to transfer this civil action to the United States District Court for the Northern District of Texas.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of August, 2021.

Mark L. Hornsby
U.S. Magistrate Judge